UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 12-83-JBC

LATASHA KEY,                                                                 PLAINTIFF

V.                        MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                       DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Latasha Key's appeal of the Commissioner's denial of her application for Disability Insurance Benefits ("DIB"). For the reasons below, the court will grant Key's motion (R.12) in part and deny it in part, deny the Commissioner's motion (R.13), and remand this case to the Social Security Administration for further consideration.

At the date of the application for DIB, Key was a forty-year-old female with a high school education and who could communicate in English. Prior to the alleged disability, she worked as a picker, cashier, and inspector. She alleged disability beginning December 24, 2009, as a result of panic attacks, generalized anxiety, obesity, right hip pain, high blood pressure, and bladder leakage. AR 132, 178. She filed her DIB claim on April 16, 2010. AR 132. The claim was denied initially

and upon reconsideration. Administrative Law Judge ("ALJ") Karen R. Jackson determined that Key is not disabled as defined under the Social Security Act. AR 23. Under the traditional five-step analysis, *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520, the ALJ determined that Key has not engaged in substantial gainful activity since the alleged onset date of disability, AR 13; that she has severe impairments including degenerative joint disease of the right knee, a history of bursitis of the right hip, low back pain secondary to degenerative disc disease of the lumbar spine, chronic obstructive pulmonary disease/asthma, a major depressive disorder and a panic disorder without agoraphobia, *Id.*; that her impairments or combination of impairments did not meet or equal a listing in the Listing of Impairments, AR 14; that she has the residual functional capacity ("RFC") to perform a restricted range of light-level work, AR 15-16, and is not able to return to her past relevant work, AR 21; and that, based on her RFC, jobs which she can perform exist in significant number in the national economy, AR 22. The Appeals Council denied Key's request for review on January 20, 2012, AR 1-3. Key then commenced this action.

Key challenges the administrative ruling on the grounds that (1) the ALJ erred in evaluating the evidence relating to her mental condition and (2) the ALJ erred in evaluating her pain and credibility. Under 42 U.S.C. § 405(g), the court's review is limited to determining whether the Commissioner's findings are supported

2

by substantial evidence and whether the proper legal standards were employed. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).

The ALJ's determination of Key's RFC included a limitation to an object-focused work environment in which contact with coworkers and supervisors is casual and infrequent in a non-public work setting; a restriction to simple, repetitive work tasks, maintaining attention and concentration for two-hour segments during an eight-hour workday; and a limitation to gradual changes in the work environment. AR 16. These limitations were presented to Vocational Expert ("VE") Martha Goss, along with a number of physical restrictions, and the VE identified a significant number of jobs which Key could still perform. AR 55-56. A review of the evidence of record relating to Key's mental status indicates that the ALJ's determination of the limitations imposed by Key's mental impairments are not supported by substantial evidence.

Dr. Mohammad Shazad treated Key for a number of problems, including depression and anxiety, and prescribed medications such as Lexapro and Lorazepam. AR 331-334, 338-339, 343-345, 347, 398-401, 405-406, 410-412, 414-417. In June 2011, Dr. Shazad completed a Mental Residual Functional

3

Capacity Assessment Form and noted that Key possessed a "poor" ability to behave in an emotionally stable manner or to demonstrate reliability and a "fair" ability to function independently, maintain attention and concentration, deal with complex and detailed instructions, maintain personal appearance, and relate predictably in social situations. AR 550-551. These are more severe limitations than those found by the ALJ. A treating physician's opinion is normally entitled to superior weight, and when this opinion is not given such deference, the ALJ is required to cite good reasons for this action. 20 C.F.R. § 404.1527(d)(2).

The failure of the administration to follow its own procedural requirements can constitute reversible error even if the case is otherwise supported by substantial evidence. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (2004). While the ALJ cited reasons for rejecting the physical restrictions that Dr. Shazad noted in exhibits 9F and 13F, she did not address the limitations imposed by the treating source that were related to Key's mental impairments in exhibit 20F. AR 21. Thus, the administration has failed to follow its own procedural requirements, and a remand of the action for further consideration is required.

Key also asserts that the ALJ improperly evaluated the opinion of Dr. Piotr Zieba of Central Kentucky Psychiatry, who treated her mental problems in 2010. Upon intake in March 2010, Dr. Zieba stated that it is "doubtful she is permanently disabled." AR 279. The ALJ gave this statement great weight in evaluating Key's mental condition. AR 20. Key asserts that the ALJ took this statement out of

4

context and ignored other evidence from Dr. Zieba indicating the existence of serious mental problems. In an October 2010 assessment, following several months of treatment, Dr. Zieba noted that Key had a poor ability to make occupational, personal and social adjustments. AR 428. Dr. Zieba noted that Key had severe difficulties in activities of daily living, maintaining social functioning, and in concentration and persistence. AR 430. Dr. Zieba rated Key's Global Assessment of Functioning ("GAF") at 50. AR 435. Such a GAF score suggests the existence of serious psychological symptoms, according to the American Psychiatric Association's *Diagnostic and Statistical Manual for Mental Disorders* (4th Ed.--Text Revision), p. 34. The ALJ did not address these later findings by Dr. Zieba. At the least, Dr. Zieba's opinion does not support the administrative decision.

The ALJ also rejected the opinion of a psychological consultative examiner without furnishing adequate reasons. Psychologist Melissa Couch examined Key in July 2010 and diagnosed a major depressive disorder and a panic disorder without agoraphobia. AR 369. A GAF rating of 50 was noted, indicating the existence of serious psychological symptoms, and Couch opined that Key would have difficulty relating to peers, coworkers and supervisors, could not cope with pressure and stress in a typical work setting, and would not be able to maintain pace and persistence. AR 369-370. The Couch opinion supports the treating source's opinion, but the ALJ gave "little weight" to Couch's opinion because the limitations

5

it imposed "are inconsistent with activities of daily living mentioned in the same report." The ALJ does not explain any logical connection between the daily living activities which Couch describes and the work-related mental limitations in the Couch opinion. AR 20-21. The opinion of a one-time examiner is not entitled to the same deference as that of a treating source, *Atterberry v. Sec'y of Health & Human Servs.*, 871 F.2d 567, 572 (6th Cir. 1989), but because it is at least consistent with Dr. Shazad's opinion, it furnishes even more justification for the ALJ to have given controlling weight to the treating physician's opinion.

Psychologist Douglas Robbins reviewed the record in August of 2008 and opined that Key did not suffer from a severe mental impairment. AR 379. The ALJ cited this opinion as evidence in support of her denial decision. AR 21. However, Robbins did not see a complete record and did not have the opportunity to see Dr. Shazad's June 2011 assessment. Thus, this report would not be entitled to greater weight than the opinion of the treating source under Social Security Ruling 96-6p.

Key also argues that the ALJ erred in assessing her credibility by misrepresenting her activities of daily living and social functioning. The ALJ cited her ability to care for her personal hygiene, prepare simple meals, care for her disabled children, do laundry, clean the bathroom, attend church, manage her finances, and watch television as reasons to discount her credibility. AR 20. While the record is somewhat ambiguous, evidence does exist to support the ALJ's

6

findings on this question.  For example, Key told the staff at Bluegrass Regional Mental Health that she did care for her disabled husband and four grandchildren. AR 464.  Thus, the ALJ did not err in assessing Key's credibility.

The ALJ's decision not being supported by substantial evidence,

**IT IS ORDERED** that Key's motion for summary judgment (R. 12) is **GRANTED** in part and **DENIED** in part.  The case is **REMANDED** to the Social Security Administration for further proceedings.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, (R. 13) is **DENIED**.

The court will enter a separate judgment.


Signed on January 4, 2013

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY