UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO 12-83-KSF

LATASHA KEY                                                                                                    PLAINTIFF

v.                                           **OPINION & ORDER**

CAROLYN W. COLVIN,
Commissioner of Social Security                                                                   DEFENDANT

\* \* \* \* \* \* \* \* \*

     This matter is currently before the Court upon the application of the plaintiff, Latasha Key, for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Specifically, the plaintiff seeks an award of $1,556.25, to be paid directly to her counsel. While the Commissioner has no objection to an award of attorney's fees under EAJA in this matter, the Commissioner does object to the plaintiff's request that the attorney's fees be payable directly to counsel.

     It is clear under *Astrue v. Ratliff*, ___ U.S. ___, 130 S.Ct. 2521, (2010), that an award of EAJA fees belongs to the plaintiff, not the plaintiff's attorney, and therefore is subject to an offset to satisfy any pre-existing debt owed by the plaintiff to the Government. Here, as a part of her agreement with her counsel, the plaintiff has assigned any EAJA fees to her counsel. However, the Commissioner contends that this agreement is not an effective assignment of a claim under the Anti-Assignment Act, 31 U.S.C. § 3727. The Anti-Assignment Act imposes certain restrictions on the assignment of claims against the United States, and applies to any award of EAJA fees in this case. *See United States v. Gillis*, 95 U.S. 407, 413 (1877)("No language could be broader or more

1

emphatic than these enactments. The words embrace every claim against the United States, however arising, of whatever nature it may be, and wherever and whenever presented"). Under the Anti-Assignment Act, there are stringent requirements which must be met before assignment of any claim, including the timing of assignments. For example, "[a]n assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C.§ 3727(b). Any assignment not meeting these strict requirements is invalid and voidable.

Here, the plaintiff's assignment is not valid under the Anti-Assignment Act because it would predate any award of EAJA fees and not comply with the strict requirements of the Act. Only after the issuance of any EAJA award can a determination be made as to whether the plaintiff owes a debt to the Government. Therefore, the plaintiff's assignment of EAJA fees to her counsel is not valid. As a result, the plaintiff's application for an award of EAJA fees will be granted only to the extent that the fees will be awarded payable to the plaintiff.

Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** that the plaintiff's motion [DE #16] for attorney's fees pursuant to 28 U.S.C. § 2412(d), is **GRANTED**, and the plaintiff is awarded EAJA fees in the amount of $1,556.25. The motion is **DENIED** only to the extent that the fee shall not be made payable to the plaintiff's counsel.

This July 8, 2013.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**